**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JANELL MARIE JENNINGS,          *

     Plaintiff,               *

v.                         *          Civil Action No. CJC-25-1937

FRANK BISIGNANO,         *
COMMISSIONER OF
SOCIAL SECURITY,         *

     Defendant.           *

**MEMORANDUM OPINION**

Plaintiff/Claimant Janell Marie Jennings petitions this Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1 ¶ 1. The Court has considered the record and the parties' briefs. ECF Nos. 8, 9, 11, 12. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands this case for further proceedings.

**PROCEDURAL HISTORY**

On August 14, 2020, Jennings applied for DIB and SSI claims under Titles II and XVI of the Social Security Act, respectively. R. 335–48. In her application, Jennings alleged she became disabled on August 4, 2020. R. 335, 342. Jennings's claims were denied initially and on reconsideration. R. 98, 100, 150–51. On Jennings's request, an Administrative Law Judge held a hearing to review her claims. R. 211–12, 1661–87. On July 21, 2022, the ALJ issued an opinion denying Jennings's claims. R. 155–72. Jennings appealed to the Social Security Appeals Council, which remanded the case. R. 179–83, 255–57.

An ALJ held a second hearing and, again, Jennings's claims were denied in an April 5, 2023, opinion. R. 43–67, 14–40. Jennings appealed to the Appeals Council, which denied her request to review the decision. R. 1–6. Jennings then petitioned for judicial review in this Court, and the Court remanded the ALJ's decision. R. 1744–46. The Appeals Council issued its remand order thereafter. R. 1749–53.

An ALJ then held a third hearing. R. 1722–38. Following the hearing, the ALJ denied Jennings's claims in an April 8, 2025, opinion. R. 1688–1721. Because Jennings did not file exceptions to the ALJ's opinion with the Appeals Council and the Appeals Council did not independently review the ALJ's opinion, the opinion became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d). Jennings then timely petitioned for judicial review in this Court on June 17, 2025. ECF No. 1.

### THE ALJ'S DECISION

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (DIB); 20 C.F.R. § 416.905(a) (same for SSI). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), as amended (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other

work in the national economy." *Hancock*, 667 F.3d at 472. Prior to steps four and five, the ALJ

must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a

claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec.*

*Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ found

that Jennings had not "engaged in substantial gainful activity since August 4, 2020, the alleged

onset date." R. 1694. At step two, the ALJ determined that Jennings had the following severe

impairments: "obesity; diabetes mellitus; depression; anxiety; and post[-]traumatic stress

disorder." R. 1694.[1] At step three, the ALJ found that Jennings "does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 1695. The ALJ then found that

Jennings had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except
> that she has the following additional limitations: she should only occasionally climb
> ramps and/or stairs; she should never climb ladders, ropes, or scaffolds; she should
> only occasionally balance, stoop, kneel, or crouch; she should never crawl; she
> should never be exposed to unprotected heights or moving mechanical parts; she is
> not able to perform jobs that require exposure to vibration; she is able to perform
> simple, routine tasks; she must have jobs in a low stress work environment, defined
> as requiring only occasional decision making and occasional changes in the work
> setting; she should only occasionally interact with supervisors; she should never
> interact with the public or coworkers; and she should have no tandem work.

R. 1699. At step four, the ALJ found that Jennings "ha[d] no past relevant work" that the ALJ

could review to determine whether Jennings could perform such work. R. 1710. At step five, the

ALJ determined that, based on Jennings's "age, education, work experience, and residual

---

[1] The ALJ also found that Jennings had the non-severe impairments of asthma, back pain with spasms, migraines, high blood pressure, cholesterol, heavy bleeding, essential hypertension, and lumbar degenerative disc disease. R. 1694–95.

functional capacity, there are jobs that exist in significant numbers in the national economy that [Jennings] can perform." R. 1710. As a result, the ALJ concluded that Jennings had not been disabled since the alleged onset date of August 4, 2020. R. 1712.

**STANDARD OF REVIEW**

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

**DISCUSSION**

Jennings argues that the ALJ erred for four reasons: (1) the ALJ failed to account for Jennings's moderate limitation in concentration, persistence, and pace in the RFC; (2) the ALJ erroneously evaluated two medical opinions; (3) the ALJ failed to evaluate the opinion of Cassandra Salvo, P.T.; and (4) the ALJ's finding that Jennings could perform a significant number of jobs in the national economy was not supported by substantial evidence. ECF No. 9 at 6–22.[2] Because the Court agrees that the ALJ erred by failing to account for Jennings's moderate

---

[2] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

4

limitations in concentration, persistence, and pace, it need not address the remaining arguments. The Court turns to the first argument below.

If a claimant alleges a mental impairment, the ALJ must determine the degree to which the mental impairment limits four types of mental functions, one of which is the ability to maintain concentration, persistence, and pace (CPP). *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017); 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). An ALJ measures a claimant's CPP limitation by using a "five-point scale: [n]one, mild, moderate, marked, and extreme." *Patterson*, 846 F.3d at 659 (citation omitted). "A 'moderate' limitation in CPP means that a claimant's ability to sustain CPP 'independently, appropriately, effectively, and on a sustained basis is fair.'" *Nathan Y. v. Bisignano*, Civil Action No. DRM-24-3071, 2025 WL 2145887, at *3 (D. Md. July 29, 2025) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3)).

If an ALJ finds that a claimant has a moderate CPP limitation, the ALJ must account for that limitation in the RFC. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). An ALJ may account for a moderate CPP limitation by satisfying one of three conditions. First, the ALJ may include an RFC limitation that accounts for the claimant's moderate CPP limitation. *Id.* at 638. Notably, however, an ALJ does not account for a moderate CPP limitation by limiting the claimant to "simple, routine tasks or unskilled work" in the RFC. *Id.* (citation omitted). Second, the ALJ may explain in the RFC analysis "why a claimant's moderate limitation in [CPP] … does not translate into a limitation in the claimant's RFC" or explain why a limitation to simple, routine tasks sufficiently addresses a claimant's moderate CPP limitation. *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020) (citation modified). Third, an ALJ may find persuasive a medical opinion that accounts for the claimant's moderate CPP limitation and "provide[s]

substantial support for" the ALJ's RFC. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017); *Nathan Y.*, 2025 WL 2145887, at *3. Remand is warranted if the ALJ fails to satisfy one of these three conditions. *See, e.g.*, *Nathan Y.*, 2025 WL 2145887, at *3–5; *Caitrin M. v. Kijakazi*, Civil Action No. BAH-22-2785, 2023 WL 5300318, at *4–5 (D. Md. Aug. 17, 2023); *George T. v. Dudek*, Civil Action No. CDA-24-0117, 2025 WL 948488, at *4–5 (D. Md. Mar. 28, 2025).

Here, the ALJ did not satisfy any of the three conditions. First, the ALJ failed to include an RFC limitation that accounts for Jennings's moderate CPP limitation. The ALJ found that Jennings was limited in part to "simple, routine tasks; she must have jobs in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting; she should only occasionally interact with supervisors; she should never interact with the public or coworkers; and she should have no tandem work." R. 1699. These limitations are insufficient to account for her moderate CPP limitation because (1) limiting Jennings to simple, routine tasks fails, as a matter of law, to account for her moderate CPP limitation, *Mascio*, 780 F.3d at 638; and (2) the remaining limitations "appear to accommodate [Jennings's] moderate limitations in interacting with others and adapting or managing oneself, rather than [her] moderate CPP limitation." *Nathan Y.*, 2025 WL 2145887, at *5. Thus, the ALJ fails to satisfy the first condition because none of the limitations in the RFC account for Jennings's moderate CPP limitation.

As to the second condition, the Commissioner contends that, when the ALJ concluded her RFC analysis, the ALJ explained how she accommodated Jennings's moderate CPP limitation in two ways. ECF No. 11 at 21. First, the ALJ stated that "[c]onsistent with having [a] moderate limitation with regard to concentrating, persisting, or maintaining pace, [Jennings] is able to perform simple, routine tasks." R. 1709. Second, the ALJ stated that Jennings's mental

impairments "have … been accommodated with limitations on task complexity and social interaction." R. 1710.

Both statements, however, fail to explain why a limitation to simple, routine tasks accounts for Jennings CPP limitation because each statement is conclusory. Each statement presumes that a limitation to simple, routine tasks is sufficient to account for Jennings's moderate CPP limitation without explaining *how* such a limitation does so. While the record evidence might support the ALJ's conclusion, "the issue in this case is 'not whether the record contains evidence that might support the ALJ's conclusions [but] whether the ALJ explained the apparent discrepancy between [the] step three finding and [the] RFC assessment.'" *Caitrin M.*, 2023 WL 5300318, at *4 (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Action No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (Gallagher, J.), *R. & R. adopted* (June 5, 2015)). Because the ALJ did not provide this explanation, the ALJ fails to satisfy the second condition.

Third, the ALJ fails to assign persuasive value to a medical opinion that accounts for Jennings's moderate CPP limitation and that supports the ALJ's RFC. The ALJ reviewed several medical opinions that opined on Jennings's mental abilities. R. 1707–09. The ALJ's review of these opinions fails to satisfy the third condition, however, because (1) the ALJ assigned persuasive value to a medical opinion that does not appear to support or explain the ALJ's RFC finding, R. 1707 (citing R. 2533–37) (N.P. Dickens); (2) the ALJ found another medical opinion unpersuasive, R. 1707 (Dr. Smith); and (3) the ALJ failed to make a finding as to the persuasiveness of the remaining relevant opinions, R. 1708–09 (Dr. May and Dr. Prout).[3]

---

[3] Although neither party raises the issue, the ALJ's failure to determine the persuasiveness of the medical opinions of Dr. May and Dr. Prout is itself erroneous. An ALJ must evaluate the persuasiveness of medical opinions given by medical sources in the record. 20 C.F.R. §§

Because the ALJ did not find persuasive any opinion that both accounted for Jennings's moderate CPP limitation and supported the ALJ's RFC, the ALJ fails to satisfy the third condition.

The ALJ fails to satisfy any of the three conditions that could have accounted for Jennings's moderate CPP limitation. As a result, the ALJ erred, and remand is warranted. On remand, and in accordance with *Mascio*, *Shinaberry*, and *Sizemore*, the ALJ shall account for Jennings's CPP limitation in the RFC or explain why an RFC limitation is not warranted. As to the arguments Jennings raised that the Court did not address, the ALJ is welcome to consider these arguments on remand. The Court expresses no opinion as to whether the ALJ's ultimate conclusion regarding Jennings's entitlement to benefits is correct.

**CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

A separate order follows.

Date: May 29, 2026

/s/
Chelsea J. Crawford
United States Magistrate Judge

---

404.1520c(a), 416.920c(a); *Lauren P. v. Dudek*, Civil Action No. SAG-24-0480, 2025 WL 754522, at *3 (D. Md. Mar. 10, 2025). An ALJ evaluates the persuasiveness of a medical opinion by considering, among other factors, the supportability and consistency of the opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). After evaluating these factors, the ALJ must "articulate … how persuasive [the ALJ] find[s] … the medical opinion[]." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Here, the ALJ evaluated the supportability and consistency of Dr. May's and Dr. Prout's opinions but failed to conclude how persuasive each opinion was. R. 1708–09. Without concluding whether these opinions were persuasive, partially persuasive, or not persuasive, the Court cannot conduct meaningful review as to whether the RFC analysis is supported by substantial evidence. Accordingly, this error provides an additional justification for remand. *Cf. Thomas*, 916 F.3d at 312 (remanding in part because ALJ failed to conclude whether claimant's mental limitations affect her ability to perform tasks for a full workday).